UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GUSTAVIA HOME, LLC,

                Plaintiff,                              MEMORANDUM AND ORDER
                                                                            17-CV-5307 (ILG) (RER)

   v.

RICARDO VAZ, DEBRA A. DERBY, CITY OF NEW
YORK ENVIRONMENTAL CONTROL BOARD,
CITY OF NEW YORK PARKING VIOLATIONS
BUREAU, 446 LAFAYETTE LLC, and
ALLEN MOHAMMED,

                Defendants.[1]
------------------------------------------------------------------------x
GLASSER, Senior United States District Judge:

     Plaintiff Gustavia Home, LLC commenced this foreclosure action on September 11, 2017, seeking to foreclose on a mortgage given by Defendants Ricardo Vaz (**"Vaz"**) and Debra A. Derby (**"Derby"** and, together with Vaz, the **"Mortgagor Defendants"**). (Compl., ECF No. 1). Plaintiff also names as Defendants the City of New York Environmental Control Board (**"NYCECB"**), the City of New York Parking Violations Bureau (**"NYCPVB"**), 446 Lafayette LLC (**"446 Lafayette"**), and Allen Mohammed (**"Mohammed"**), each of whom, according to the complaint, has a claimed interest in the premises subject to the mortgage. (*Id.* ¶¶ 7-10).[2] The Mortgagor Defendants answered on December 27, 2017 and brought counterclaims alleging

---

[1] Plaintiff's motion to amend the caption to strike the "John Doe" defendants (ECF No. 23) is **GRANTED** and the Clerk is respectfully requested to apply the caption set forth above.

[2] New York Real Property Actions and Proceedings Law (**"RPAPL"**) § 1311 provides that the necessary parties to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." RPAPL § 1311(3). *See also OneWest Bank, NA v. Raghunath*, No. 14-CV-3310 (RJD) (MDG), 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015), *report and recommendation adopted*, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015).

1

violations of New York Banking Law (**"NYBL"**) § 6-*l* and seeking attorney's fees under the New York Access to Justice in Lending Act, L. 2010, c. 550, codified at N.Y. Real Prop. L. § 282. (Answer, ECF No. 11). The remaining defendants, NYCECB, NYCPVB, 446 Lafayette, and Mohammed (collectively, the **"Defaulting Defendants"**), did not move or otherwise respond with respect to the complaint, and on August 27, 2018 the Clerk of Court issued a Certificate of Default against the Defaulting Defendants. (Certificate of Default, ECF No. 29). Pending before the Court is Plaintiff's motion: (i) for summary judgment against the Mortgagor Defendants; (ii) for dismissal of the Mortgagor Defendants' counterclaims; (iii) to strike the Mortgagor Defendants' answer; (iv) for default judgment against the Defaulting Defendants; and (v) for the appointment of a referee to compute the sums due and owing pursuant to RPAPL § 1321. (ECF No. 23).

## BACKGROUND

On June 15, 2007, Vaz obtained a $200,000 line of credit with National City Bank (**"NCB"**) and executed a note (the **"Note"**) in favor of NCB. (Compl. Ex. C). That same day, Vaz and Derby executed a mortgage (the **"Mortgage"**) in favor of NCB covering the premises located at 446 Lafayette Avenue, Brooklyn, New York 11238. (*Id.* Ex. B). The Mortgage was later assigned to Plaintiff. (Compl. Ex. D). It is not disputed that Vaz defaulted on the Note and that the default was never cured. (Dotoli Aff. ¶¶ 6, 8, ECF No. 23-6; Pl. 56.1 SOF ¶ 6, ECF No. 23-1).[3]

---

[3] Statements in Plaintiff's Statement of Undisputed Material Facts pursuant to Local Civil Rule 56.1 are deemed admitted to the extent that they are "followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)," and are not "specifically controverted by a correspondingly numbered paragraph" in Defendant's Response to Plaintiff's 56.1 Statement (ECF No 32-1). *See* Local Civil Rule 56.1(c), (d). The Mortgagor Defendants do not dispute that the default was not cured. (Def. 56.1 Opp. ¶ 6).

Additional background information, where applicable, is provided in the discussion below.

## DISCUSSION

### I. Motion for Summary Judgment against the Mortgagor Defendants

In a mortgage foreclosure action under New York law, the lender must prove both "the existence of an obligation secured by a mortgage" and "a default on that obligation." *R.N. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n. 2 (2d Cir. 1997) (citations and quotation marks omitted). Neither is disputed here, and thus Plaintiff has established its *prima facie* case for foreclosure. Therefore, summary judgment must be granted unless the Mortgagor Defendants can make an "'affirmative showing' that a defense to the action exists." *Builders Bank v. Charm Developments II, LLC*, Nos. 09-CV-3935 (JG) (LB), 09-CV-4410 (JG) (LB), 2010 WL 3463142, at *3 (E.D.N.Y. Aug. 30, 2010) (quoting *Regency Savings Bank, F.S.B. v. Merritt Park Lands Associates*, 139 F.Supp.2d 462, 466 (S.D.N.Y. 2001)).

The only defense asserted in opposition to summary judgment is that Plaintiff failed to provide them with the notices required under RPAPL § 1304. Section 1304 of the RPAPL provides that, "with regard to a home loan," a lender, assignee, or mortgage loan servicer must provide certain notices to a borrower at least 90 days before commencing any legal action. RPAPL § 1304(1). However, RPAPL § 1304 is inapplicable here. The statute defines a "home loan," in relevant part, as a "loan … secured by a mortgage or deed of trust on real estate … *which is or will be occupied by the borrower as the borrower's principal dwelling*." *Id.* § 1304(6)(a)(1)(iii) (emphasis added). The Mortgagor Defendants have produced no evidence that they live, or have ever lived, at 446 Lafayette Avenue. To the contrary, Derby testified that she and Vaz never lived at 446 Lafayette Avenue (Derby Dep. at 23:2-3, ECF No. 34-1), and both

Vaz and Derby testified that they resided at another address. (Vaz Dep. at 13:19-14:3, ECF No. 23-15; Derby Dep. at 16:13-22). Because the premises were not the Mortgagor Defendants' "principal dwelling," RPAPL § 1304(a)(1)(iii), the loan was not a "home loan." *See HSBC Bank USA Association v. Ozcan*, 154 A.D.3d 822, 825 (N.Y. App. Div. 2d Dept. 2017) ("[T]he record shows that … the defendant did not reside at the property at the time he signed the mortgage or at the time the action was commenced …. The defendant does not refute that this was a commercial property and that he lived elsewhere. Thus, the record reflects that this was not a 'home loan' subject to the requirements of RPAPL 1304").

The Mortgagor Defendants argue that there is a triable issue of fact as to whether this was a "home loan" because Plaintiff conceded as much in its memorandum of law in support of summary judgment. (Pl. Mem. at 9 ("Here, Plaintiff concedes that this loan was a 'Home-loan' pursuant to [NYBL § 6-*l*]"), ECF No. 23-2).[4] However, even if such a concession, asserted in an opposing party's legal brief, could be considered for summary judgment purposes, it is not enough to make this dispute of fact a "genuine" one. Fed. R. Civ. P. 56(a); *see Fireman's Fund Ins. Co. v. Great American Ins. Co. of New York*, 822 F.3d 620, 631 n. 12 (2d Cir. 2016) ("A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party' ") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Vaz and Derby explicitly testified that they resided at a different address, and Plaintiff's 'concession' that the loan was a "home loan" was withdrawn in its reply papers after it became apparent that the Mortgagor Defendants would assert a defense under RPAPL § 1304 (Pl. Reply at 2-3, ECF

---

[4] The definition of a "home loan" under NYBL § 6-*l* is similar to that under RPAPL § 1304. To qualify as a "home loan," the loan must be secured by a mortgage on real estate "which is or will be occupied by the borrower as the borrower's principal dwelling." NYBL § 6-*l*(1)(e)(iv).

No. 33). Under the circumstances, a "reasonable jury," *Anderson*, 477 U.S. at 248, *Fireman's Fund*, 822 F.3d at 631 n. 12, would be compelled to find that Plaintiff's concession was merely an oversight, and that Vaz and Derby did not, in fact, reside at 446 Lafayette Avenue as their "principal dwelling," RPAPL § 1304(6)(a)(1)(iii). Because the loan was not a "home loan," no notices under RPAPL § 1304 were required.

Accordingly, summary judgment is granted against the Mortgagor Defendants.

## II.     Motion to Dismiss the Mortgagor Defendants' Counterclaims

Plaintiff moves for an order "[d]ismissing" the Mortgagor Defendants' counterclaims. (ECF No. 23). Given the procedural posture in which the motion comes before the Court, the fact that Plaintiff has already filed its response to the counterclaims (ECF No. 14), and the arguments advanced in Plaintiff's memorandum—*viz.*, that there is no "triable issue of fact" as to the merits of the counterclaims (Pl. Mem. at 7)—the motion is construed as one for summary judgment pursuant to Rule 56. *See Assets Recovery Center Investments, LLC v. Smith*, No. 13-CV-253 (CBA) (CLP), 2015 WL 13741871, at *6 (E.D.N.Y. Sept. 22, 2015).

The Mortgagor Defendants' first three counterclaims are premised on alleged violations of NYBL § 6-*l*(2), which imposes certain "limitations" on "high-cost home loan[s]." In order to be considered a "high-cost home loan" under the statute, a loan must first be a "home loan." *Id.* § 6-*l*(1)(d). As with RPAPL § 1304, in order to qualify as a "home loan" under NYBL § 6-*l*, a loan must be "secured by a mortgage or deed of trust on real estate … which is or will be occupied by the borrower as the borrower's principal dwelling." *Id.* § 6-*l*(1)(e)(iv). As explained above, however, the Mortgagor Defendants have failed to raise a genuine issue of fact as to whether they resided at 446 Lafayette Avenue. Because they did not reside there, the loan was not a "home loan," and so the provisions of NYBL § 6-*l*(2) do not apply.

5

The Mortgagor Defendants fourth and final counterclaim is for "reasonable attorney[']s fees and costs" pursuant to the New York Access to Justice in Lending Act, L. 2010, c. 550, codified at N.Y. Real Prop. L. § 282. However, because they do not prevail on any of their other counterclaims, their counterclaim for attorney's fees and costs fails as well. *See Smith*, 2015 WL 13741871, at *7.

Accordingly, summary judgment is granted in Plaintiff's favor as to all counterclaims.

## III. Motion to Strike the Answer

Plaintiff moves for an order "[s]triking" the answer. (ECF No. 23). The Court construes this branch of the motion as one brought pursuant to Fed. R. Civ. P. 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[5] However, the motion is moot, as the Court has already granted Plaintiff summary judgment as to the Mortgagor Defendants' RPAPL § 1304 defense and as to all of their counterclaims. *See* Discussion I-II, *supra*. Although the answer contains numerous additional affirmative defenses, these were not asserted by the Mortgagor Defendants in opposition to summary judgment, and are therefore deemed abandoned. *See Jackson v. Federal Exp.*, 766 F.3d 189, 197-198 (2d Cir. 2014).

Accordingly, Plaintiff's motion to strike the answer is denied as moot.

---

[5] A motion to strike an answer cannot be brought after the plaintiff has already replied to the answer. *See id.* 12(f)(2); *Assets Recovery Center Investments, LLC v. Smith*, No. 13-CV-253 (CBA) (CLP), 2014 WL 3525011, at *11 (E.D.N.Y. Mar. 12, 2014), *report and recommendation adopted*, 2014 WL 3528460 (E.D.N.Y. Jul. 15, 2014). Here, Plaintiff filed and served its reply to the answer and counterclaims on January 2, 2018 (ECF No. 14), long before it brought this motion to strike on August 22, 2018 (ECF No. 23). However, even where a motion to strike is not timely brought, a court may strike pleadings on its own initiative at any time. *See* Fed. R. Civ. P. 12(f)(1). As a practical matter, Rule 12(f)(1) authorizes a court, in its discretion, to excuse a party's late filing of its motion to strike. *See Smith*, 2014 WL 3525011, at *11; *F.T.C. v. Instant Response Systems, LLC*, No. 13-CV-976 (ILG) (VMS), 2014 WL 558688, at *2 (E.D.N.Y. Feb. 11, 2014).

**IV.     Motion for Default Judgment against the Defaulting Defendants**

Plaintiff seeks default judgment against the Defaulting Defendants pursuant to Fed. R. Civ. P. 55(b)(2).

As a preliminary matter, Plaintiff has not complied with Local Civil Rule 55.2(b), which provides that a party moving for default judgment "shall append to the application (1) <u>the Clerk's certificate of default,</u> (2) a copy of the claim to which no response has been made, and (3) <u>a proposed form of default judgment</u>." Nor have they complied with Local Civil Rule 55.2(c), which provides that such papers "shall simultaneously be mailed to the party against whom a default judgment is sought." Although Plaintiff did mail its motion for default judgment to the Defaulting Defendants, these papers did not include either the Clerk's Certificate of Default or a proposed default judgment.

The drafters of Federal Rule of Civil Procedure 55 did not find it necessary to include a provision for service of a motion for default judgment upon a defaulting defendant. The inclusion of such a provision in Local Civil Rule 55.2 simply expresses a concern for "fairness and efficiency." Committee Note to Local Civil Rule 55.2. However, "the Second Circuit has made it clear that the court has broad discretion to excuse noncompliance with Local Rules." *Yurkov-Shkolnik v. Allstate Life Ins. Co. of New York*, No. 06-CV-5451 (RLC), 2008 WL 4093490, at *2 (S.D.N.Y. Sept. 2, 2008) (citing *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000); *Association for Retarded Citizens of Connecticut, Inc. v. Garethorne*, 68 F.3d 547, 5530554 (2d Cir. 1995); *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1048-49 (2d Cir. 1991)).

Here, any considerations of fairness must be balanced against countervailing factors. Plaintiff urges that time is of the essence in obtaining a judgment of foreclosure, as additional

7

"squatters" have moved onto the property, whose condition "continues to deteriorate" and may create a public hazard. (ECF No. 36). Additionally, Plaintiff did provide notice of its request for default and motion for default judgment to each of the Defaulting Defendants, and the complaint itself provides fair notice of the kind of judgment that Plaintiff seeks in this standard mortgage foreclosure action. Under these exceptional circumstances, the Court will excuse Plaintiff's failure to abide by Local Civil Rule 55.2.

"A default is an admission of all well-pleaded allegations against the defaulting party." *Natale v. County Ford Ltd.*, 2014 WL 4537501, at *3 (E.D.N.Y. Aug. 20, 2014) (alterations omitted) (quoting *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). "In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim." *United States Securities and Exchange Commission v. Coronati*, 2016 WL 6462240, at *2 (E.D.N.Y. Oct. 14, 2016) (quoting *Brown v. Gabbidon*, 2007 WL 1423788, at *2 (S.D.N.Y. May 14, 2007)).

A foreclosure action "extinguish[es] the rights of redemption of all those who have a subordinate interest in the property and [vests] complete title in the purchaser at the judicial sale." *Bank of America, N.A. v. 3301 Atlantic, LLC*, No. 10-CV-5204 (RB) (SMG), 2012 WL 2529196, at *14 (E.D.N.Y. Jun. 29, 2012) (quoting *N.C. Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 542 (N.Y. App. Div. 2d Dept. 2005)). Accordingly, any party who has a "lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" must be made a defendant. RPAPL § 1311(3). Here, Plaintiff alleges that the Defaulting Defendants' liens and/or incumbrances upon the premises are "subject to" Plaintiff's mortgage lien. (Compl. ¶¶ 7-10). The relevant documentation attached to, and deemed

incorporated into, the complaint shows that all of the Defaulting Defendants' interests arose subsequent to the Mortgage. (*Id.* Ex. F). On review of these materials, the Court finds that the complaint contains well-pleaded allegations supporting default judgment as to each of the Defaulting Defendants.

Accordingly, default judgment is granted as to each of the Defaulting Defendants.

## V.     Appointment of a Referee

Finally, Plaintiff requests appointment of a referee to compute the sums due and owing pursuant to RPAPL § 1321. (ECF No. 21). RPAPL § 1321 provides, in relevant part:

> *If the defendant fails to answer within the time allowed or the right of the plaintiff is admitted by the answer*, upon motion of the plaintiff, the court shall ascertain and determine the amount due, or direct a referee to compute the amount due to the plaintiff and to such of the defendants as are prior incumbrancers of the mortgaged premises, and to examine and report whether the mortgaged premises can be sold in parcels and, if the whole amount secured by the mortgage has not become due, to report the amount thereafter to become due.

*Id.* § 1321(1) (emphasis added). Here, the Mortgagor Defendants answered the complaint and disputed liability. Nevertheless, courts have held that, even where the mortgagors have responded to the complaint, appointment of a referee is appropriate where the mortgagors "have not produced sufficient evidence to establish a genuine issue of material fact for trial relating to the [m]ortgage foreclosure." *Greystone Bank v. Skyline Woods Realty, LLC*, 817 F.Supp.2d 57, 65 (N.D.N.Y. 2011); *see also U.S. Bank Trust, N.A. v. Dingman*, No. 16-CV-1384 (CS), 2016 WL 6902480, at *3 (S.D.N.Y. Nov. 22, 2016) ("Although section 1321 contemplates a situation where the defendant fails to answer or the right of the plaintiff is admitted, because the Court granted summary judgment in favor of Plaintiff based on an undisputed showing of default on the mortgage, the procedural posture of the case now is as if the right of Plaintiff has been admitted").

Therefore, the appointment of a referee is appropriate to oversee the sale of the property and to compute the amount owed.

## CONCLUSION

For the reasons stated herein:

1. Plaintiff's motion for summary judgment against the Mortgagor Defendants is **GRANTED**;

2. Plaintiff's motion for dismissal of the Mortgagor Defendants' counterclaims is construed as a motion for summary judgment as to those counterclaims and, so construed, is **GRANTED**;

3. Plaintiff's motion to strike the answer is **DENIED AS MOOT**;

4. Plaintiff's motion for default judgment against the Defaulting Defendants is **GRANTED**; and

5. Plaintiff's motion for the appointment of a referee is **GRANTED**.

Plaintiff is hereby directed:

A. To submit a proposed judgment, order of foreclosure, and any other papers necessary for their implementation, *see Gustavia Home, LLC v. Perez,* No. 16-CV-1011 (ILG), 2017 WL 1284827, at *3 (E.D.N.Y. Apr. 5, 2017), and

B. To submit a proposed order of reference and three candidates as possible referees, from which the Court shall appoint one, *see Skyline Woods Realty,* 817 F.Supp.2d at 65; *Union Bank of Switzerland, New York Branch v. 890 Park Associates*, No. 92-CV-1557 (JFK), 1995 WL 121289, at *7 (S.D.N.Y. Mar. 20, 1995).

SO ORDERED.

Dated:   Brooklyn, New York
         August 8, 2019

                                    /s _____
                                    I. Leo Glasser                U.S.D.J.