UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GUSTAVIA HOME, LLC,

           Plaintiff,

    v.

RICARDO VAZ, DEBRA A. DERBY, CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, CITY OF NEW YORK PARKING VIOLATIONS BUREAU, 446 LAFAYETTE LLC, ALLEN MOHAMED,

           Defendants.

**MEMORANDUM AND ORDER**
17-CV-5307 (ILG) (RER)

GLASSER, Senior United States District Judge:

This is an action to foreclose a mortgage on a Brooklyn property owned by Defendants Ricardo Vaz and Debra Derby. (Compl. ¶ 1). The issue before the Court is whether the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.* ("SCRA"), precludes the foreclosure sale because Derby, a mortgagor, is in active military service.

## BACKGROUND

Defendants Vaz and Derby, a married couple, are the joint owners of real property located at 446 Lafayette Avenue in Brooklyn ("Property"). (Def's. Opp'n 5). On June 15, 2007, Defendant Vaz secured a loan evidenced by a promissory note ("Note"), which was secured by a mortgage on the Property ("Mortgage"). (Compl. Exs. B and C). While Vaz was the sole signatory on the Note, both Vaz and Derby signed the Mortgage, being joint owners of the property. (*Id.*).

Plaintiff Gustavia Home, LLC is the mortgagee by assignment. (Compl. Ex. D). It commenced this foreclosure action in September 2008, following default on the loan. (Pl's

1

Mem. 2). On September 18, 2019, this Court granted Plaintiff's motion for a judgment of foreclosure and sale. (ECF Nos. 37 and 45).

The sale was then scheduled to take place on October 24, 2019. (ECF No. 48-3). On October 23rd, however, Defendant Derby, who is currently on active military duty in Kuwait, requested that the sale be stayed pursuant to SCRA § 3953. (*See* ECF No. 49-1 at 1). That statute provides, in relevant part:

> **(a) Mortgage as security**
>
> This section applies to an obligation on real . . . property owned by a servicemember that--
>
>> (1) originated before the period of the servicemember's military service and for which the servicemember is still obligated; and
>>
>> (2) is secured by a mortgage . . . .
>
> **(b) Stay of proceedings and adjustment of obligation**
>
> In an action . . . to enforce [that] obligation . . . the court may after a hearing and . . . upon application by a servicemember . . . stay the proceedings for a period of time as justice and equity require.

50 U.S.C. § 3953. Plaintiff then canceled the pending sale, out of "an abundance of caution." (Pl's Mem. 1). Being of the view that Derby is not "obligated" within the meaning of the statute, Plaintiff then moved this Court for an order requiring Derby to show cause as to why she is entitled to the stay. (ECF No. 49). That motion was granted, and a hearing was held on September 17, 2020. (ECF Nos. 51, 58).

The only issue in dispute is whether Derby is an "obligated" party within the meaning of the statute. Plaintiff argues that, because Derby is a party only to the Mortgage, and not the Note, she is not an obligated party. (Pl's Reply 1). Derby argues that her mere status as mortgagor makes her an obligated party under the statute. (Def's. Opp'n 3–4).

**DISCUSSION**

This case presents an issue of first impression, namely who is an obligor protected from foreclosure by the Servicemembers Civil Relief Act. For the reasons that follow, the Court holds that Derby is not an obligor.

The statute in question applies only to an "*obligation on* real . . . property" which is "*secured by* a mortgage." SCRA § 3953(a) (emphasis added). It is the Note which evidences the obligation, i.e. the promise to pay the debt. Derby merely mortgaged her interest in the property, to secure her husband's obligation to pay. She did not obligate herself to pay. At the hearing, she acknowledged that she would not be liable for a deficiency judgment if the proceeds of the foreclosure sale did not cover the amount of the debt. The acknowledgment that she was not obligated to pay the debt compels the denial of her stay.

While courts have not yet had the occasion to determine who is an "obligated" party under SCRA § 3953, they have done so in the context of other similarly worded statutes.[1] Invariably, they reach the conclusion that an obligor is one who is a borrower under the note, and not merely a mortgagor. *See, e.g., Washington Mut. Bank v. Valencia*, 939 N.Y.S.2d 73, 75 (N.Y. App. Div. 2d Dept. 2012) ("Although the defendant signed the mortgage, he did not sign the note at issue. Thus, the defendant was not an obligor."); *Cummings v. Wells Fargo, N.A.*, 1:18-CV-72-SA-DAS, 2019 WL 180188, at *3 (N.D. Miss. Jan. 11, 2019) ("Federal courts have previously dismissed TILA claims based on standing when brought by a non-obligor spouse who only signed the security agreement.") (internal quotation marks omitted); *Falkiner v. OneWest Bank, FSB*, 780 F.

---

[1] In particular, § 1631 of the Truth In Lending Act provides that "creditor or lessor shall disclose to the person who is obligated on a consumer lease or a consumer credit transaction the information required under this subchapter." 15 U.S.C. § 1631.

3

Supp. 2d 460, 463 (E.D. Va. 2011) ("Plaintiff was not a party to the Note and she did not sign the Note. Moreover, in each place that Plaintiff signed the Deed of Trust, [she indicated that she] . . . was not obligated on the Note. Therefore, Plaintiff clearly is not an obligor on the Note."); *Ferreira v. Mortg. Elec. Registration Sys., Inc.*, 794 F. Supp. 2d 297, 303 (D. Mass. 2011) ("It is undisputed that Mrs. Ferreira was the sole borrower on the Note. Because Mr. Ferreira was not a signatory to the Note, he is not an obligor and does not have a right to rescind under the CCCDA.").

## CONCLUSION

The stay of the foreclosure sale is hereby vacated and the Plaintiff may proceed in accordance with the Judgment of Foreclosure and Sale dated September 18, 2019.[2] (ECF No. 45).

SO ORDERED.

Dated: Brooklyn, New York
September 23, 2020

/s/
I. Leo Glasser            U.S.D.J.

---

[2] Plaintiff also argues, in the alternative, that the SCRA does not apply to this action because the property is abandoned. (Pl's Mem. 7–8). Given that Defendant Derby cannot invoke the SCRA on the grounds that she is not an obligated party, this question is moot.

4